IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-03387-GPG

SAMUEL GARSON, Individually and On Behalf of All Others Similarly Situated,

  Plaintiff,

 v.

DMC GLOBAL INC.,
MICHAEL KUTA, and
ERIC V. WALTER,

  Defendants.

---

Civil Action No. 1:25-cv-00277-KAS

ALESSANDRO LAURENT, Individually and On Behalf of All Others Similarly Situated,

  Plaintiff,

 v.

DMC GLOBAL INC.,
MICHAEL KUTA, and
ERIC V. WALTER,

  Defendants.

---

**MOTION OF JOHN MARK STAUFFER FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL**

John Mark Stauffer ("Stauffer") hereby moves this Court, under Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, *et seq.*, for an order (a) consolidating the above-captioned actions; (b) appointing Stauffer as Lead Plaintiff; (c) approving Stauffer's selection of Glancy Prongay & Murray LLP as Lead Counsel for the putative class; and (d) granting such other relief as the Court may deem to be just and proper.[1]

## I.   FACTUAL BACKGROUND

This is a federal securities class action brought on behalf of all persons that purchased DMC Global Inc. ("DMC" or the "Company") securities between January 29, 2024 and November 4, 2024, inclusive (the "Class Period").

DMC is diversified industrial company that operates through three main business and reporting segments: (i) Arcadia Products: specializing in architectural building products, including composite decking, railing, and other outdoor living products; (ii) DynaEnergetics: focusing on energy products, particularly in the oil and gas industry, offering perforating systems and other well-completion tools; and (iii) NobelClad: developing and manufacturing explosion-resistant composite metals used in various industries, including oil and gas, marine, and defense.

On October 21, 2024, DMC disclosed that it was "revising its guidance" for the quarter ended September 30, 2024, stating that the Company's adjusted EBITDA is now expected to be

---

[1] 15 U.S.C. § 78u-4(a)(3)(A)(i) provides that within 60 days after publication of the required notice of the action, any member of the proposed class may move to be appointed as lead plaintiff. Consequently, at this time, Stauffer's counsel have no way of knowing which class members, if any, will file competing lead plaintiff motions. As a result, Stauffer's counsel have been unable to conference with opposing counsel as prescribed by D.C.COLO.LCivR 7.1(a), and respectfully request that the conference requirement of D.C.COLO.LCivR 7.1(a), be waived for this motion.

1

approximately $5 million, down from prior guidance for $15-18 million, and that the third quarter financial results "will include inventory and bad debt charges at DynaEnergetics totaling approximately $5 million, as well as lower fixed overhead absorption on reduced sales at both Arcadia and DynaEnergetics." Further, the Company revealed that the financial results will include an approximate $142 million non-cash goodwill impairment charge "associated with DMC's December 2021 acquisition of a controlling interest in Arcadia."

On this news, DMC's stock price fell $2.36, or 18.3%, to close at $10.57 per share on October 22, 2024, thereby injuring investors.

Then, on November 4, 2024, DMC released its third quarter 2024 financial results, reporting sales of $152.4 million, a $159.4 million net loss (inclusive of a $141.7 million goodwill impairment charge at Arcadia Products), and adjusted EBITDA of $5.7 million.

On this news, DMC's stock price fell $0.59, or 6%, to close at $9.25 per share on November 5, 2024, thereby injuring investors further.

The complaints in this action allege that throughout the Class Period, the defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies, and failed to disclose to investors that: (1) the goodwill associated with Arcadia Products was overstated due to the adverse events and circumstances affecting that reporting segment; (2) DMC's materially inadequate internal systems and processes were adversely affecting its operations; (3) the Company's inadequate systems and processes prevented it from ensuring reasonably accurate guidance and that its public disclosures were timely, accurate, and complete; (4) as a result, Defendants misrepresented DMC's operations and financial results; and (5) as a result, Defendants' positive statements about the Company's

business, operations, and prospects were materially misleading and/or lacked a reasonable basis at all relevant times.

As a result of the defendants' acts and omissions, and the precipitous decline in the market value of the Company's securities, Stauffer and other class members suffered significant losses and damages.

## II. PROCEDURAL HISTORY

On December 6, 2024, Plaintiff Samuel Garson commenced a securities fraud class action against DMC and certain of its officers, captioned *Garson v. DMC Global Inc., et al.*, Case No. 1:24-cv-03387-GPG (the "*Garson* Action"). It is brought on behalf of persons who purchased DMC securities between May 3, 2024 and November 4, 2024.

On January 27, 2025, Plaintiff Alessandro Laurent filed a substantially similar class action, captioned *Laurent v. DMC Global Inc., et al.*, Case No. 1:25-cv-00277-KAS (the "*Laurent* Action," and together with the *Garson* Action, the "Related Actions"). It is brought on behalf of persons who purchased DMC securities between January 29, 2024 and November 4, 2024.

## III. ARGUMENT

### A. The Related Actions Should Be Consolidated

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore, consolidation would avoid unnecessary cost, delay, and overlap in adjudication. *See* Fed. R. Civ. P. 42(a); *City of Dania Beach Police & Firefighters' Ret. Sys. v. Chipotle Mexican Grill, Inc.*, No. 12-cv-02164, 2013 WL 1677553, at *2 (D. Colo. Apr. 17, 2013) (consolidating actions where "[b]oth of the cases in question were filed against

3

the same four defendants, concern the same facts, and seek to answer the same question: whether defendants made materially false and misleading statements regarding Chipotle that caused harm to plaintiffs").

Each of the Related Actions presents similar factual and legal issues, as they both involve the same subject matter and present the same legal issues. Each action alleges violations of the Exchange Act, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate.

### B.  Stauffer Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice. . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

4

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Stauffer satisfies the relevant criteria and, thus, is entitled to the presumption that he is the "most adequate plaintiff." Stauffer's motion is timely, and Stauffer has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Stauffer is not aware of any unique defenses the defendants could raise against him that would render him inadequate to represent the class. Accordingly, Stauffer respectfully submits that he should be appointed Lead Plaintiff.

### 1. Stauffer's Motion Is Timely

Stauffer has made a timely motion in response to the PSLRA early notice. On December 6, 2024, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), notice was published in connection with this action. *See* Exhibit 1 (PSLRA Notice), attached hereto. Therefore, Stauffer had sixty days (until February 4, 2025) to file a motion to be appointed as lead plaintiff. As a purchaser of DMC securities during the Class Period, Stauffer is a member of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

5

### 2.     Stauffer Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Stauffer purchased DMC securities during the Class Period and, as a result, suffered significant financial harm of approximately $36,018.62. *See* Exhibit 2 (Certification); Exhibit 3 (Financial Interest Analysis). Stauffer is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Stauffer believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class. *See Subramanian v. Watford,* No. 20-cv-02652-CMA-STV, 2021 WL 1697147, at *2 (D. Colo. Apr. 29, 2021).

### 3.     Stauffer Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

In addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification.

6

A *prima facie* showing that a PSLRA movant satisfies the requirements of Rule 23 is sufficient. *See Lane v. Page*, 250 F.R.D. 634, 640 (D.N.M. 2007); *Delashmet v. Custom Designed Compressor Sys., Inc.*, 2006 WL 2016080, at *5 (D.N.M. March 9, 2006). Courts thus limit their inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until class certification. *See In re Ribozyme Pharm., Inc. Sec. Litig.*, 192 F.R.D. 656, 658 (D. Colo. 2000).

### a) Stauffer's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Ribozyme* 192 F.R.D at 658. Rule 23 does not require the lead plaintiff to be identically situated with all class members. It is enough that the lead plaintiff's situation shares a common issue of law or fact. *In re Intelcom Grp., Inc. Sec. Litig.*, 169 F.R.D. 142, 148 (D. Colo. 1996).

Here, Stauffer's claims are typical of the claims asserted by the proposed class. Stauffer, like all members of the class, alleges that the defendants violated the federal securities laws by disseminating false and misleading statements during the Class Period concerning DMC's business, operations, and prospects. Stauffer, like all of the members of the class, purchased DMC securities and was damaged thereby. Consequently, Stauffer's interests are closely aligned with the other class members' and Stauffer's interests are, therefore, typical of the class. *Ribozyme*, 192 F.R.D. at 658-59.

### b) Stauffer Is an Adequate Representative

The adequacy of representation requirement of Rule 23 is satisfied where it is established

7

that a representative party "will fairly and adequately protect the interest of the class." Accordingly:

> The standard for adequacy of representation under [Rule 23] is met by: (1) the absence of potential conflict between the named plaintiffs and the class members and (2) that counsel chosen by the representative parties is qualified, experienced and able to vigorously conduct the proposed litigation.

*Ribozyme*, 192 F.R.D. at 659. Stauffer has demonstrated his adequacy to serve as lead plaintiff by retaining experienced counsel, submitting a sworn PSLRA Certification attesting to his willingness to serve as lead plaintiff. *See* Exhibit 2 (Certification); *see also Ribozyme*, 192 F.R.D. at 658. Stauffer has a bachelor's degree in marketing from Northern Illinois University and works in the building materials industry. In addition, Stauffer's interests are clearly aligned with the class, and no antagonism exists between Stauffer's claims and those of the other members of the class. As such, Stauffer is adequate to represent the class. *See In re Intelcom,* 169 F.R.D. at 149 (citation omitted).

Accordingly, Stauffer is the presumptive "most adequate plaintiff" and should be appointed Lead Plaintiff for the class.

### C. The Court Should Approve Stauffer's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). In this case, Stauffer has retained Glancy Prongay & Murray LLP to pursue this litigation on his behalf, and will retain the firm as Lead Counsel in the event Stauffer is appointed Lead Plaintiff. Glancy Prongay & Murray LLP possess extensive experience in securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé. *See*

8

Exhibit 4. Thus, the Court may be assured that, by granting Stauffer's motion, the class will receive the highest caliber of legal representation.

## IV. CONCLUSION

For the foregoing reasons, Stauffer respectfully requests that the Court grant his motion and enter an Order (a) consolidating the Related Actions; (b) appointing Stauffer as Lead Plaintiff; (c) approving his selection of Glancy Prongay & Murray LLP as Lead Counsel; and (d) granting such other relief as the Court may deem just and proper.

DATED: February 4, 2025

**GLANCY PRONGAY & MURRAY LLP**

*s/ Pavithra Rajesh*
Robert V. Prongay
Charles H. Linehan Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: rprongay@glancylaw.com
       clinehan@glancylaw.com
       prajesh@glancylaw.com

*Counsel for John Mark Stauffer and Proposed Lead Counsel for the Class*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Additional Counsel*

9

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document and accompanying Proposed Order were filed with this Court on February 4, 2025 through the CM/ECF system and will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants.

*s/ Pavithra Rajesh*
Pavithra Rajesh

10