# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-03387-GPG-CYC

SAMUEL GARSON, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

DMC GLOBAL INC., MICHAEL KUTA, and ERIC V. WALTER,

Defendants.

---

Civil Action No. 1:25-cv-00277-KAS

ALESSANDRO LAURENT, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

DMC GLOBAL INC., MICHAEL KUTA, and ERIC V. WALTER,

Defendants.

---

## MEMORANDUM OF LAW IN OPPOSITION TO
## COMPETING LEAD PLAINTIFF MOTIONS

---

Maxym Usatov ("Mr. Usatov") respectfully submits this Memorandum of Law in Opposition to Competing Motions to Appoint Lead Plaintiff and Approve Lead Plaintiff's Selection of Counsel.

Before the Court are three motions for appointment as lead plaintiff and approval of lead plaintiff's selection of counsel. The table below sets out the losses of the three

1

competing movants:

| Movant | Losses |
|---|---|
| John Mark Stauffer | ($36,018.62) |
| Maxym Usatov | ($10,878) |
| Samuel Garson | ($2,700) |

Only one movant, Mark Stauffer ("Mr. Stauffer"), claims a larger loss than Mr. Usatov. But Mr. Stauffer's purchases of DMC Global Inc. ("DMC Global") stock are exclusively within the expanded Class Period.[1] If the expanded Class Period is rejected, Mr. Stauffer would lack standing to serve as a lead plaintiff. As such, parties would spend a disproportionate amount of time litigating the validity of the expanded class period to remove Mr. Stauffer, distracting from the main issues common to the class.

In contrast, Mr. Usatov's purchases are only during the original class period. Mr. Usatov lost over $10,878. Mr. Usatov has approximately five years of investing experience, he has a Master's degree and works as a managing director. Dkt. No. 27. In short, Mr. Usatov has made a prima facie showing of adequacy and typicality and should be appointed Lead Plaintiff and his selection of Lead Counsel should be approved.

## ARGUMENT

### A.    MR. STAUFFER'S TRANSACTIONS RENDER HIM ATYPICAL

---

[1] On December 6, 2024, the first complaint captioned *Garson v. DMC Global Inc. et al*, Case No. 1:24-cv-03387, was filed with the class period between May 3, 2024 and November 4, 2024. Dkt. No. 1. On January 27, 2025, the second complaint captioned *Laurent v. DMC Global Inc. et al*, Case No. 1:25-cv-00277-KAS (D. Colo.) (the "*Laurent* Case"), expanded the class period from January 29, 2024 to November 4, 2024. *Laurent* Case, Dkt. No. 1. On February 5, 2025, the Court granted the unopposed motion to consolidate cases. Dkt. No. 24.

The PSLRA provides a "clear path that the district court must follow in selecting the lead plaintiff." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). After determining that notice of the action was appropriate and timely, the district court "must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. *Id*. at 730. It must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id.* (emphasis in original). It is well-established that a proposed class representative is not typical under Rule 23(a)(3) if the representative is subject to a unique defense that is likely to become a major focus of the litigation. *In re Crocs, Inc. Securities Litigation*, 306 F.R.D. 672, at 687 (D. Colo. Sep. 18, 2014). The reason why a lead plaintiff's unique defense is detrimental to the class is that the lead plaintiff might devote time and effort to the defense at the expense of issues that are common and controlling for the class. *Id*.

Even though Mr. Stauffer might argue that he has the largest financial interest, his purchases of stocks were made on May 1, 2024, exclusively within the expanded class period. *See* Dkt. No. 28-3. If the expanded class period is rejected, Mr. Stauffer would lack standing to represent the class. Indeed, courts around the country have ruled against expanding the class period on various grounds. *See In re Eaton Corporation Securities Litigation*, 318 F.Supp.3d 659, at 666 (S.D.N.Y. Jul. 25, 2018) (Allowing expansion of class period only to the extent plaintiff does not seek to include "any persons or entities who purchased stock only during that [expanded] period."); *see In re Storage Technology Corp. Securities Litigation*, 147 F.R.D. 232, (D. Colo. Mar. 24, 1993) (Striking plaintiff's allegations extending the class period for unactionable statements); *see also Gelt*

3

*Trading, Ltd., v. Co-Diagnostics, Inc.*, 2021 WL 913934, at *4 (D. Utah Mar. 10, 2021) (Denying a proposed expanded class period due to lack of material misstatements). As such, Mr. Stauffer is subject to unique defenses that are detrimental to the class – parties would spend a disproportionate amount of time litigating the validity of the expanded class period, removing the focus from common questions at issue in this case. *Crocs*, at 687. Therefore, Mr. Stauffer is atypical and cannot represent the class and serve as the lead plaintiff.

## B.    THE COURT SHOULD APPOINT MR. USATOV AS LEAD PLAINTIFF AS HE HAS THE LARGEST FINANCIAL INTEREST IN THE ACTION OF ANY QUALIFIED MOVANT AND SATISFIES RULE 23

With Mr. Stauffer disqualified from serving as the lead plaintiff for being atypical, Mr. Usatov has the largest financial interest of any qualified movant before the Court, Mr. Usatov has made the requisite *prima facie* showing of typicality and adequacy under Rule 23. Therefore, Mr. Usatov should be appointed Lead Plaintiff and his selection of Lead Counsel should be approved.

To overcome the strong presumption entitling Mr. Usatov to be appointed Lead Plaintiff, the PSLRA requires "proof" that the presumptive lead plaintiff is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such proof exists in this case and any arguments to the contrary should be flatly rejected. Competing movants may attempt to conjure up speculative arguments to rebut the powerful presumption in favor of Mr. Usatov. Any such speculative challenge does not satisfy the PSLRA's requirement that the presumptively most adequate plaintiff may only be rejected if a rival movant presents "proof" that the presumptive Lead Plaintiff, here Mr. Usatov, will not adequately represent the class. 15

U.S.C. § 78u-4(a)(3)(B)(iii)(II); *In re SemGroup Energy Partners, L.P., Sec. Litig.*, 2008 WL 4826318, at *9 (N.D. Okla. Oct 27, 2008).

As Mr. Usatov has made a *prima facie* demonstration of his typicality and adequacy, has the largest remaining financial interest, and no movant has rebutted the presumption with proof, Mr. Usatov must be appointed Lead Plaintiff.

### C.    MR. USATOV'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Mr. Usatov has selected The Rosen Law Firm, P.A. as Lead Counsel. The firm has the resources and expertise to litigate this action efficiently and aggressively. As the firm's resume reflects, it is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. Dkt. No. 22-4. Thus, the Court may be assured that by approving Mr. Usatov's selection of counsel, the members of the class will receive excellent legal representation.

### D.    COMPETING MOTIONS SHOULD BE DENIED

The competing motions should be denied as Mr. Usatov has the largest financial interest, satisfies the adequacy and typicality requirements of Rule 23, and should therefore be appointed Lead Plaintiff without further analyses. *Cavanaugh,* 306 F.3d at 732 ("The statutory process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing

in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical.").

**CONCLUSION**

For the foregoing reasons, Mr. Usatov respectfully requests the Court to issue an Order: (1) appointing Mr. Usatov as Lead Plaintiff of the Class; (2) approving Mr. Usatov's selection of Rosen Law as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: February 25, 2025          Respectfully submitted,

*/s/ Phillip Kim*
Phillip Kim
The Rosen Law Firm, P.A.
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiff and Class*

Brian Schall
The Schall Law Firm
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
Fax: (877) 590-0483
Email: brian@schallfirm.com

*Additional Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, Phillip Kim, hereby declare under penalty of perjury as follows:

I am an attorney at The Rosen Law Firm, P.A., with offices at 275 Madison Ave, 40th Floor, New York, NY 10016. I am over the age of eighteen.

On February 25, 2025, I electronically filed the following **MEMORANDUM OF LAW IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on February 25, 2025.

*/s/Phillip Kim*
Phillip Kim