# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-03387-GPG-CYC

SAMUEL GARSON, Individually and On Behalf of All Others Similarly Situated,

       Plaintiff,

      v.

DMC GLOBAL INC.,
MICHAEL KUTA, and
ERIC V. WALTER,

       Defendants.

Civil Action No. 1:25-cv-00277-KAS

ALESSANDRO LAURENT, Individually and On Behalf of All Others Similarly Situated,

       Plaintiff,

      v.

DMC GLOBAL INC.,
MICHAEL KUTA, and
ERIC V. WALTER,

       Defendants.

---

## JOHN MARK STAUFFER'S OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF

Lead Plaintiff Movant John Mark Stauffer ("Stauffer") respectfully submits this memorandum of law in opposition to the competing motions for appointment as lead plaintiff and approval of lead counsel filed by other purported class members (Dkt. Nos. 19, 21, 25).[1]

## I.    INTRODUCTION

Four movants filed competing motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). The motions were filed by Stauffer (Dkt. Nos. 18, 28); Alessandro Laurent ("Laurent"; Dkt. No. 19); Usatov (Dkt. Nos. 21, 27); and Samuel Garson ("Garson"; Dkt. No. 25.

The PSLRA directs courts to appoint the "most adequate plaintiff" as lead plaintiff, and provides a rebuttable presumption that the most adequate plaintiff is the plaintiff or movant that, *inter alia*, has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As demonstrated in Stauffer's memorandum of points and authorities in support of his lead plaintiff motion (Dkt. No. 18), Stauffer has the largest financial interest in the relief sought by the class. Stauffer's financial interest, as measured by his last-in-first-out

---

[1] Stauffer and Movant Maxym Usatov ("Usatov") re-filed their motions on February 5, 2025, *see* Dkt. Nos. 27, 28, in response to the Court's Order at Dkt. No. 23. To the extent that Usatov's later-filed motion (Dkt. No. 27) is deemed his operative motion, Stauffer also opposes Usatov's later-filed motion.

1

("LIFO") loss, is $36,018.62. *See* Dkt. No. 18-4. As such, Stauffer is the presumptively "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Since Stauffer is the presumptively most adequate plaintiff, and the presumption has not been rebutted, Stauffer should be appointed lead plaintiff, and his selection of counsel should be approved.

## II.    ARGUMENT

### A.    The PSLRA Mandated Procedure for Appointing a Lead Plaintiff

The PSLRA mandates that the Court appoint "the most adequate plaintiff" to be lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA further provides a rebuttable presumption that the "most adequate plaintiff" is the movant that: (1) has either filed the complaint or made a motion in response to a notice; (2) in the determination of the Court, has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Once the Court identifies the presumptively most adequate plaintiff, the presumption may be rebutted only "upon proof . . . that the presumptively most adequate plaintiff" (1) "will not fairly and adequately protect the interests of the class," or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Here, as explained below, Stauffer is the presumptively most adequate plaintiff because Stauffer filed a timely lead plaintiff motion in response to a notice, has a larger financial interest than the other movants, and satisfies the requirements of Rule 23. Since

2

the other movants cannot rebut this presumption, Stauffer should be appointed as lead plaintiff.

**B.    Stauffer Is the Presumptively Most Adequate Plaintiff Because Stauffer Has the Largest Financial Interest in the Relief Sought by the Class**

Stauffer satisfies all three requirements to be the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I). First, Stauffer filed a timely motion for appointment as lead plaintiff. *See* Dkt. No. 18; 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(aa). Second, Stauffer satisfies the requirements of Rule 23, as demonstrated in his memorandum of law in support of his lead plaintiff motion. *See* Dkt. No. 18; 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(cc). Finally, as explained *infra*, Stauffer has the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

"The PSLRA does not specify a method for calculating the largest financial interest when considering appointment of a Lead Plaintiff." *Armbruster v. Gaia, Inc.*, No. 22-cv-03267, 2023 WL 2613817, at *2 (D. Colo. Mar. 23, 2023). "However, the weight of authority appears to favor the four-factor Lax test" which considers: "(1) the total number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *Id.* To calculate the fourth factor, losses suffered, courts "greatly prefer[]" the last in, first out (LIFO) method. *Mariconda v. Farmland Partners Inc.*, No. 18-cv-02104, 2018 WL 6307868, at *3 (D. Colo. Dec. 3, 2018).

Here, Stauffer has the largest financial interest as measured by every factor:

[Chart on Next Page]

3

| Movant | Gross Shares Purchased | Net Shares Purchased | Net Expenditure | LIFO Loss |
|---|---|---|---|---|
| Stauffer | 4,530 | 4,530 | $71,210 | $35,985 |
| Laurent | 3,800 | 3,800 | $31,634 | $31,634 |
| Usatov | 2,075 | 2,075 | $27,000 | $10,866 |
| Garson | 843 | 743 | $8,493 | $2,716 |

Accordingly, Stauffer has the largest financial interest in the relief sought by the class. Since Stauffer also satisfies the requirements of Rule 23, and filed a timely motion, Stauffer is the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### C.    The Presumption that Stauffer Is the Most Adequate Plaintiff Has Not Been Rebutted

The lead plaintiff presumption may be rebutted only upon "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

No proof has been presented that Stauffer would be inadequate or subject to unique defenses and Stauffer is not aware of any possible basis for such a contention. Accordingly, Stauffer should be appointed as lead plaintiff, and no other movant is entitled to consideration. *See Mariconda*, 2018 WL 6307868, at *7 (appointing a lead plaintiff when it "established that it is the presumptive Lead Plaintiff" and the competing movant "has not adequately rebutted that presumption").

### III.    CONCLUSION

For the foregoing reasons, Stauffer respectfully request that the Court enter an

Order: (1) appointing Stauffer as Lead Plaintiff; (2) approving Glancy Prongay & Murray

LLP as Lead Counsel for the class; and (3) denying the competing motion.


DATED: February 25, 2025          **GLANCY PRONGAY & MURRAY LLP**

*s/ Pavithra Rajesh*
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: rprongay@glancylaw.com
        clinehan@glancylaw.com
        prajesh@glancylaw.com

*Counsel for John Mark Stauffer and Proposed*
*Lead Counsel for the Class*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Additional Counsel*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document and accompanying Proposed Order were filed with this Court on February 25, 2025 through the CM/ECF system and will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants.

*s/ Pavithra Rajesh*
Pavithra Rajesh

6