**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-cv-03387-GPG-CYC (consolidated with No. 1:25-cv-00277)

SAMUEL GARSON, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

DMC GLOBAL INC., MICHAEL KUTA, and ERIC V. WALTER,

Defendants.

---

**REPLY MEMORANDUM OF LAW OF MAXYM USATOV IN FURTHER SUPPORT
OF HIS LEAD PLAINTIFF MOTION**

---

Maxym Usatov ("Mr. Usatov") respectfully submits this Reply Memorandum of Law in Further Support of His Lead Plaintiff Motion.

Of the three remaining lead plaintiff movants,[1] Mr. Usatov is the presumptive lead plaintiff. While John Mark Stauffer ("Mr. Stauffer") claims a larger loss than Mr. Usatov, his trades render him atypical. Among the two remaining lead plaintiff movants, Mr. Usatov and Samuel Garson ("Mr. Garson"), Mr. Usatov is the presumptive lead plaintiff. Mr. Usatov has the largest financial interest with a loss of $10,878, whereas Mr. Garson lost $2,700. Dkt. Nos. 25, 33. Mr. Usatov's losses are ***more than four times*** Mr. Garson's losses. Mr. Usatov has made the requisite *prima facie* showing of adequacy and typicality. Mr. Usatov has a Master's degree, he works as a managing director, and he has been investing for approximately five years. Dkt. No. 27, at 11. Mr. Usatov has retained qualified counsel, has

---

[1] On February 25, 2025, Alessandro Laurent filed a notice of non-opposition to the competing motions. Dkt. No. 32.

no conflicts with the putative class, and his claims are the same as class members. *Id*.; *see Armbruster v. Gaia, Inc.* (D. Colo. Mar. 23, 2023) (Ruling that a prima facie showing of adequacy and typicality is sufficient to determine a lead plaintiff)). As such, Mr. Usatov is the presumptive lead plaintiff under the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

In his opposition, Mr. Garson contends that Mr. Usatov should not be appointed lead plaintiff because Mr. Usatov did not submit a sworn declaration showing his background and his understanding of and willingness to undertake the duties of a lead plaintiff. Dkt. No. 33, at 13. This argument is without merit and falls short of rebutting with proof the lead plaintiff presumption in favor of Mr. Usatov. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) (the lead plaintiff presumption "may be rebutted only upon proof" of inadequacy or atypicality); *see also In re Cendant Corp. Litigation*, 264 F.3d 201, at 269 (3rd Cir. 2001) (proof is required for rebuttal and subjective speculation not enough).

## I.    MR. STAUFFER IS ATYPICAL DUE TO HIS TRADES

Mr. Stauffer's purchases of DMC Global Inc. ("DMC Global") stock are exclusively within the expanded Class Period. *See* Dkt. No. 34. If the proposed expanded Class Period is rejected, Mr. Stauffer will lack standing to represent the Class. As such, Defendants would spend a disproportionate amount of time litigating the validity of the expanded class period to remove Mr. Stauffer, distracting from issues common to the class, thus rendering him atypical. *Id*.

## II.    MR. USATOV HAS MADE A *PRIMA FACIE* SHOWING OF TYPICALITY AND ADEQUACY

The necessary showing of adequacy and typicality at the lead plaintiff stage is merely a ***prima facie*** showing. *See Saee v. Enservco Corporation*, 2022 WL 3681988, at *3 (D. Colo. Aug. 25, 2022) (a prima facie showing that the movant satisfies these requirements

[typicality and adequacy] is sufficient to determine a lead plaintiff.); *see also Wolfe v. AspenBio Pharma, Inc.*, 275 F.R.D. 625, at 627-628 (D. Colo. Jul. 11, 2011) (As for the requirement that the lead plaintiff otherwise satisfy the requirements of Rule 23, only two of the four requirements of Rule 23(2)—typicality and adequacy—impact the analysis for the lead plaintiff issue) (*Citing In re Ribozyme Pharmaceuticals, Inc. Securities Litigation*, 192 F.R.D. 656, 658 (D. Colo. 2000)); *Hall v. Rent-A-Center, Inc.*, 2017 WL 1017716, at *2 (E.D. Tex. Mar. 16, 2017) ("At the lead plaintiff selection stage, all that is required is a preliminary showing that the lead plaintiff's claims are typical and adequate."); *Fischler v. AmSouth Bancorporation*, 1997 WL 118429 at *2 (M.D. Fla. Feb.6, 1997) ("A wide-ranging analysis under Rule 23 is not appropriate and should be left for consideration of a motion for class certification.").

Here, Mr. Usatov has made the requisite *prima facie* showing of typicality and adequacy by providing his PSLRA certification and his background information in his moving papers. *See* Dkt. Nos. 22-2, 27, 34.

**III.    MR. GARSON FAILS TO REBUT MR. USATOV'S PRESUMPTION AS LEAD PLAINTIFF**

Mr. Garson argues that Mr. Usatov is inadequate to serve as lead plaintiff for failing to submit a sworn declaration.  Dkt. No. 33, at 13. This argument fails for several reasons.

First, Mr. Garson relies on *In re Boeing Co. Aircraft Sec. Litig.*, No. 19 CV 2394, 2019 WL 6052399 (N.D. III. Nov. 15, 2019) for the proposition that a sworn declaration is required to demonstrate adequacy. This is wrong. *In re Boeing* is inapposite because, there, the lead plaintiff movant group – a family – was disqualified due to proof of inadequacy, not because the family failed to submit a declaration: the family claimed large losses but provided nothing in the way of background information, including how they afforded the large transactions

despite their modest lifestyle; the family was preoccupied with its own privacy over their responsibilities as lead plaintiff; and an investigation revealed that the family's neighbors were in disbelief that the family could afford such a large investment. *In re Boeing*, at \*5, \*7. Mr. Garson provides no legal authority stating that individual movants must submit a declaration to demonstrate adequacy. Dkt. No. 33, at 13. Therefore, this argument must fail.

In fact, Mr. Garson also acknowledged that "Courts in this district have found the Rule 23 [of Federal Rules of Civil Procedure] requirements met without requiring a movant declaration." Dkt. No. 33, at 13. Indeed, Courts in this district have set forth the adequacy requirements analysis under Rule 23 as the consideration of (1) the absence of potential conflict between the named plaintiffs and the class members and (2) [if] counsel chosen by the representative parties is qualified, experienced and able to vigorously conduct the proposed litigation. *Mariconda v. Farmland Partners Inc.*, 2018 WL 6307868, at \*5 (D. Colo. Dec. 3, 2018) (Appointing a lead plaintiff by finding no apparent or claimed conflicts of interest and chosen counsel was qualified); *see also Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, at \*\*1187-1188 (3rd Cir. 2002). As Mr. Usatov noted in his moving and opposing papers, Mr. Usatov has no conflicts with the class, and he has chosen qualified counsel to represent him and the class. *See* Dkt. Nos. 27, 34. As such, Mr. Usatov meets the adequacy requirements under Rule 23.

Second, Mr. Garson fails to rebut with proof Mr. Usatov's presumption as lead plaintiff. Mr. Garson merely provided speculative and conclusory statements in his opposition brief.[2] Dkt. No. 33, at 13. Mr. Usatov does not know what to make of Mr. Garson's

---

[2] Mr. Garson argues that "Usatov's acceptance of Laurent's implausible and frivolous extended class period in his initial motion also calls into question his adequacy" (Dkt. No. 33, at 13). However, he provides no legal authority to support this argument.

argument that he failed to make a showing of his background and understanding of and willingness to undertake the duties of a lead plaintiff (Dkt. No. 33, at 13), given that Mr. Usatov provided both his background information and statements indicating his willingness to serve as lead plaintiff in his sworn PSLRA Certification (Dkt. No. 22-2), his opening memorandum (Dkt. No. 27, at 11), and his opposition (Dkt. No. 34, at 2). In fact, Mr. Garson even acknowledged himself in his opposition brief that Mr. Usatov did provide his background information in Mr. Usatov's opening papers. *Id*.

Indeed, courts reject the argument that extensive background information is required to make an adequate showing of adequacy or typicality at the lead plaintiff stage. *See Kasilingam v. Tilray, Inc. et al.*, 2020 WL 4530357 at *3 (S.D.N.Y. Aug. 6, 2020) ("The other movants contend that the presumption in favor of Kassin is rebutted here because Kassin has not in their view provided sufficient personal information to demonstrate his adequacy. [. . .] ***But the Court is not required to peer into these questions where it otherwise finds adequacy.***") (Emphasis added.); *Borteanu v. Nikola Corporation, et al.*, 2020 WL 7392795, at *6 (D. Ariz. Nov. 16, 2020) ("First, although some courts [. . .] prefer to have more biographical information about a lead plaintiff candidate, *In re Cavanaugh* makes clear that ***the analysis must be tightly focused on financial interest and Rule 23 requirements.*** [. . .] While Patel's initial motion was light on personal details, the Court will not hold that against him.") (Emphasis added.).

In short, Mr. Usatov is the presumptive lead plaintiff because he has the largest financial interest, and has made a *prima facie* showing of adequacy and typicality. Both Mr. Garson and Mr. Stauffer have failed to rebut the presumption in Mr. Usatov's favor. Therefore, Mr. Usatov should be appointed lead plaintiff and his selection of counsel approved.

## **CONCLUSION**

For the foregoing reasons, including in Mr. Usatov's opening and opposition papers,

Mr. Usatov's motion should be granted in its entirety and the competing motions should be

denied.

Dated:  March 11, 2025                    Respectfully submitted,


*/s/ Phillip Kim*
Phillip Kim
The Rosen Law Firm, P.A.
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiff and Class*

Brian Schall
The Schall Law Firm
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
Fax: (877) 590-0483
Email: brian@schallfirm.com

*Additional Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I, Phillip Kim, hereby declare under penalty of perjury as follows:

I am an attorney at The Rosen Law Firm, P.A., with offices at 275 Madison Ave, 40th Floor, New York, NY 10016. I am over the age of eighteen.

On March 11, 2025, I electronically filed the following **REPLY MEMORANDUM OF LAW OF MAXYM USATOV IN FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on March 11, 2025.

/s/Phillip Kim
Phillip Kim