# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-03387-GPG-CYC

SAMUEL GARSON, Individually and On Behalf of All Others Similarly Situated,

      Plaintiff,

      v.

DMC GLOBAL INC.,
MICHAEL KUTA, and
ERIC V. WALTER,

      Defendants.

---

Civil Action No. 1:25-cv-00277-KAS

ALESSANDRO LAURENT, Individually and On Behalf of All Others Similarly Situated,

      Plaintiff,

      v.

DMC GLOBAL INC.,
MICHAEL KUTA, and
ERIC V. WALTER,

      Defendants.

---

## JOHN MARK STAUFFER'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF

Lead Plaintiff Movant John Mark Stauffer ("Stauffer") submits this reply memorandum of law in further support of his motion for appointment as lead plaintiff, and approval of lead counsel (Dkt. No. 18), and in response to the oppositions to his motion filed by Maxym Usatov ("Usatov") (Dkt. No. 34, "Usatov Opp.") and Samuel Garson ("Garson") (Dkt. No. 33,"Garson Opp.").[1]

## I.     STAUFFER IS THE PRESUMPTIVELY MOST ADEQUATE PLAINTIFF TO BE APPOINTED AS LEAD PLAINTIFF BECAUSE HE HAS THE LARGEST FINANCIAL INTEREST UNDER THE MOST INCLUSIVE CLASS PERIOD

Stauffer undisputedly has the largest financial interest in this matter under the most inclusive class period alleged in the *Laurent* action:

| Movant | LIFO Loss |
|---|---|
| Stauffer | $35,985 |
| ~~Laurent~~ | ~~$31,634~~ |
| Usatov | $10,866 |
| Garson | $2,716 |

Since Stauffer also filed a timely motion and made the required preliminary showing of his typicality and adequacy, Stauffer is the presumptively most adequate plaintiff to be appointed as lead plaintiff.

## II.    USATOV AND GARSON'S REQUEST TO USE A SHORTER CLASS PERIOD SHOULD BE REJECTED

Usatov and Garson belatedly argue that the Court should use the less inclusive *Garson* class period to select a lead plaintiff. Their request should be rejected.

---

[1] Alessandro Laurent ("Laurent") also filed a motion for appointment as lead plaintiff (Dkt. No. 19), but subsequently filed a notice informing the Court that he does not oppose the competing motions on the basis that he "does not have the 'largest financial interest' in this litigation within the meaning of the PSLRA." *See* Dkt. No. 32.

As an initial matter, Usatov and Garson object to the most inclusive class period only now that they discovered they do not have the largest financial interest. Neither Usatov nor Garson challenged the legitimacy of the *Laurent* class period in their initial motions. *See* Dkt. No. 25 at 4 (requesting that Garson be appointed as lead plaintiff "for the consolidated action[]"); Dkt. No. 27 at 2 (requesting that Usatov be appointed as lead plaintiff "for the class of all purchasers" during the *Laurent* class period). And both requested consolidation, which this Court granted. *See* Dkt. No. 26; *Hardy v. MabVax Therapeutics Holdings*, 2018 WL 4252345, at *5 (S.D. Cal. Sept. 6, 2018) (using the longer class period in part because "[t]his Court has already consolidated the . . . actions" and "the most sensible way to harmonize the different class periods is to adopt the longest class period"). Tellingly, Garson's accusations that Laurent engaged in "gamesmanship" by expanding the class period (*see* Garson Opp. at 2, 4, 7-10, 12), advance Garson's interests at the expense of the putative class. *See Eichenholtz v. Verifone Holdings, Inc.*, 2008 WL 3925289, at *2 (N.D. Cal. Aug. 22, 2008) ("[I]t is unclear why a plaintiff would argue for a shorter class period at this stage . . . unless it was in the best interest of that particular plaintiff only."). Moreover, Garson does not accuse Stauffer of any "gamesmanship"—so there is no reason to penalize him on that basis. Accordingly, the Court should hold Usatov and Garson to their original positions, and use the most inclusive class period.

Indeed, courts overwhelmingly use the most inclusive class period when appointing a lead plaintiff. *See Ventrillo v. Paycom Software, Inc.*, 2024 WL 1750658, at *3 n.6 (W.D. Okla. Apr. 23, 2024) ("The court thus finds that the longest  noticed class

period should be used in determining financial interests."); *Khan v. ChargePoint Holdings, Inc.*, 2024 WL 2261948, at *2 (N.D. Cal. May 16, 2024) ("[i]n general . . . the longest relevant class period should govern"); *Kangas v. Illumina, Inc.*, 2024 WL 1587463, at *3 (S.D. Cal. Apr. 11, 2024) (similar, collecting cases); *Duffaydar v. Sonder Holdings Inc.*, 2024 WL 4454910, at *3 (C.D. Cal. Oct. 9, 2024) ("[C]ourts usually . . . use the most inclusive class period and select as lead plaintiff the movant with the largest financial interest under that period.") (citation omitted). "This approach is guided by the belief that the class 'should be defined as the broadest, most inclusive potential class' at the lead plaintiff stage because it is the earliest stage in the litigation and occurs without the defendants' participation." *MabVax*, 2018 WL 4252345, at *4 (citation omitted). In fact, courts use the longest class period even where it is possible the class period may be shortened later in the litigation. *See Kusen v. Herbert*, 2023 WL 8171736, at *1 n.2 (N.D. Cal. Nov. 24, 2023) ("The Court adopts the longer class period for the purposes of appointing lead counsel but does not otherwise resolve any dispute as to which class period is appropriate in this litigation going forward."); *Illumina*, 2024 WL 1587463, at *3 ("[A] district court's use of a given class period at the lead plaintiff stage is generally not considered binding on the later stages of a securities litigation case."). Garson acknowledges courts generally use the longest class period. *See* Garson Opp. at 7 ("courts generally use the longest class period alleged"). The most inclusive class period should likewise be used here.

Courts only reject the most inclusive class period if it is "obviously frivolous." *See Paycom*, 2024 WL 1750658, at *3 n.6; *MabVax*, 2018 WL 4252345, at *5. Notably, Usatov

(who would be next in line for appointment as lead plaintiff if the *Laurent* class period is rejected) does not challenge the factual basis of the *Laurent* class period in his opposition. *See* Usatov Opp. at 3.[2]

Indeed, the *Laurent* class period is not frivolous. Both complaints allege that DMC Global failed to timely disclose the deterioration of Arcadia and DynaEnergetics (both subsidiaries of DMC Global) and that DMC Global's deficient "systems and processes" were "adversely affecting its operations." *See Garson* Complaint ¶ 30; *Laurent* Complaint ¶ 29. Both complaints allege that the truth was partially revealed on October 21, 2024, when DMC Global disclosed a $142M goodwill impairment charge associated with Arcadia and that "[r]esults at DynaEnergetics were below expectations due to declining North American well completion activity, a higher mix of lower margin customers in DynaEnergetics' U.S. markets, and [] inventory and bad debt charges." *See Garson* Complaint ¶ 38; *Laurent* Complaint ¶ 37. Both complaints allege that the truth continued to emerge on November 4, 2024, when DMC Global disclosed that Arcadia's sales were down, and that Arcadia was further "impacted by supply chain disruptions that limited product availability." *See Garson* Complaint ¶¶ 40-41; *Laurent* Complaint ¶¶ 39-40. In addition to the statements alleged in the *Garson* Complaint as materially false and/or misleading, the *Laurent* Complaint alleges that DMC Global misled investors on January 29, 2024 (the start of the *Laurent* class period), when the company stated that it had

---

[2] Since Usatov has not challenged the factual basis of the *Laurent* class period, the argument is waived, and any new argument challenging the factual basis in his reply should be disregarded. *See Borgstrom v. State Farm Fire*, 2024 WL 3085774, at *3 n.2 (D. Colo. June 3, 2024) ("[I]t is improper to include new arguments in a reply brief.").

"initiated a review of strategic alternatives for its DynaEnergetics" business as part of "DMC's ongoing efforts over the past several months to consider opportunities for unlocking shareholder value." *Laurent* Complaint ¶ 23. DMC Global also touted on that date that DynaEnergetics is a "valuable, industry-leading business[] with [a] strong margin profile[]," and that DMC Global was "taking a very focused approach toward maximizing [Arcadia's] differentiated business model and capitalizing on growth opportunities within its large addressable markets." *Id.* Notably, these statements on January 29, 2024 did not mention the "systems and processes" adversely affecting Arcadia and DynaEnergetics's performance and reporting, nor the deterioration of Arcadia and DynaEnergetics' business. Thus, the statements on January 29, 2024 bear a close relationship to the allegations in the *Garson* Complaint, and as such, the *Laurent* class period is not frivolous. *See Duffaydar v. Sonder Holdings Inc.*, 2024 WL 4454910, at *3 (C.D. Cal. Oct. 9, 2024) (using longer class period, which began with statements that were "relevant" to company's later announcement of accounting errors). The more inclusive *Laurent* class period should be used for purposes of selecting the lead plaintiff.

\*        \*        \*

Since Stauffer has the largest financial interest under the proper class period, he is the presumptively most adequate plaintiff to be appointed as lead plaintiff.

## III.    THE PRESUMPTION THAT STAUFFER IS THE MOST ADEQUATE PLAINTIFF HAS NOT BEEN REBUTTED

The presumption that Stauffer is the most adequate plaintiff may be rebutted only upon "proof" that he "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render [him] incapable of adequately representing the

5

class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Importantly, Usatov and Garson must provide "proof"—speculative assertions are insufficient. *See Kain v. Ampio Pharms., Inc.*, 2023 WL 5095547, at *5 (D. Colo. Aug. 9, 2023) ("The statutory reference to 'proof' excludes challenges based on speculation."); *In re Molycorp, Inc. Sec. Litig.*, 2012 WL 13013602, at *2 (D. Colo. May 29, 2012) ("[S]peculation that a movant may be either atypical or inadequate will not defeat the PSLRA's most adequate plaintiff presumption.").

Here, Garson argues that if the *Laurent* class period is later rejected on a motion to dismiss, "the case would revert to the shorter class period, and Stauffer . . . would lack both standing and membership in the class." Garson Opp. at 12. Usatov similarly argues that Stauffer is subject to a unique defense because "[i]f the expanded class period is rejected, Mr. Stauffer would lack standing to represent the class." Usatov Opp. at 3.This attack is speculative, especially since Usatov does not challenge the factual basis of the longer class period. Moreover, the competing movants do not cite any case that disqualified a lead plaintiff movant on this basis. For good reason—the defense is not unique as it applies to every class member that purchased in the *Laurent* class period. In fact, every lead plaintiff movant may be found to lack standing later in the litigation if the Court cuts the class period in a way that excludes them. As such, this is not a unique defense. *See In re Providian Fin. Corp. Sec. Litig.*, 2004 WL 5684494, at *5 (N.D. Cal. Jan. 15, 2004) (rejecting a purported unique defense where "such a defense is not unique to [movant], and is equally applicable to other potential class members"). Accordingly, Garson and Usatov have failed to rebut the presumption that Stauffer is the most adequate plaintiff.

## IV.    CONCLUSION

Since Stauffer is the presumptively most adequate plaintiff and the presumption

has not been rebutted, Stauffer should be appointed as lead plaintiff and his selection of

Glancy Prongay & Murray LLP as lead counsel for the class should be approved.

DATED: March 11, 2025                    **GLANCY PRONGAY & MURRAY LLP**

_s/ Pavithra Rajesh_
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: rprongay@glancylaw.com
        clinehan@glancylaw.com
        prajesh@glancylaw.com

_Counsel for John Mark Stauffer and Proposed_
_Lead Counsel for the Class_

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

_Additional Counsel_

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document and accompanying Proposed Order were filed with this Court on March 11, 2025 through the CM/ECF system and will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants.

*s/ Pavithra Rajesh*
Pavithra Rajesh

8